IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PROGRESSIVE CASUALTY :
INSURANCE CO. and :
PROGRESSIVE DLP CORP., :
:
      Plaintiff, :
:
      v. : Civil Action No. 09-902-JJF
:
DRIVE TRADEMARK HOLDINGS LP :
and SANTANDER CONSUMER USA, :
INC., :
:
      Defendant. :

---

Jeffrey S. Cashdan, Esquire; Michael Cates, Esquire; and Asha C. Jennings, Esquire of KING & SPALDING LLP, Atlanta, Georgia.
Thomas C. Grimm, Esquire, and Thomas W. Briggs, Jr., Esquire of MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware.

Attorneys for Plaintiffs.

Frank Alvarez, Esquire, and Nhut Tan Tran, Esquire of HERMES SARGENT BATES, LLP, Dallas, Texas.
David E. Wilks, Esquire of WILKS, LUKOFF & BRACEGIRDLE, LLC, Wilmington, Delaware.

Attorneys for Defendants.

---

**MEMORANDUM OPINION**

January 29, 2010
Wilmington, Delaware

Farnan, *Joseph J. Farnan* District Judge.

Presently before the Court is a Motion For Leave To Deposit Disputed Funds In The Registry Of The Court (D.I. 16), filed by Plaintiffs Progressive Casualty Insurance Company and Progressive DLP Corp. (collectively, "Plaintiffs") on January 26, 2010. Defendants filed their Opposition (D.I. 20) on January 28, 2010, and an emergency hearing was conducted the same day.

This is a breach of contract and declaratory judgment action concerning rights to the use of the trademark "Drive" under a License Agreement entered into between the parties. (D.I. 2.) Although Plaintiffs maintain that the License Agreement has been breached, under the terms of the License Agreement, they are scheduled to make a $2 million licensing payment to Defendants by January 30, 2010. (D.I. 17, at 1.) By their Motion, Plaintiffs seek leave under Rule 67 of the Federal Rules of Civil Procedure to deposit the disputed funds into the registry of the Court until the action is resolved and entitlement to the funds can be determined. (Id. at 2.) Plaintiffs contend this is necessary to avoid any potential breach of the License Agreement during pendency of this action. (Id.) Defendants contend that Plaintiffs are misapplying Rule 67, and that Rule 67 should only be used for safekeeping of disputed funds. (D.I. 20, at 1, 3.) Defendants insist that Plaintiffs do not wish to use Rule 67 for safekeeping purposes, but rather, as a means to shield itself from potential liability under the License Agreement. (Id. at 5.)

In pertinent part, Rule 67 states

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party - on notice to every other party and by leave of the court- may deposit with the court all or part of the money or thing, whether or not that party claims any of it.

Fed. R. Civ. P. 67(a). "The purpose of a deposit in court is to relieve the depositor of responsibility for a fund in dispute, while the parties litigate their difference with respect to the fund." 13 James Wm. Moore, et al., Moore's Federal Practice § 67.02 (3d ed. 2009). The issue of whether to allow a Rule 67 deposit lies within the discretion of the Court. Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp., 901 F.2d 441, 445 (5th Cir. 1990); Browning Ferris, Inc. v. Montgomery County, Civ. A. No. 90-3258, 1990 WL 131937, at *2 (E.D. Pa. Sept. 4, 1990).

Rule 67 should not be used as a means to alter the contractual relationships and legal duties of the parties; rather, it should be used as a procedural device to provide a place of safekeeping for disputed funds. Prudential Ins. Co. Of Am. v. BMC Indus., Inc., 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986); Browning, 1990 WL 131937, at *2. In Dinkins v. Gen. Aniline & Film Corp., 214 F. Supp. 281 (S.D.N.Y. 1963), the court refused to permit defendant, who asserted a counterclaim of breach of contract, to deposit the money owed to plaintiff under the contract with the court. Id. at 238. The court found that using Rule 67 in this manner would permit defendant to "defer decision,

and by depositing the money [it owed to plaintiff under the contract] in the court, to preserve all of its rights under the contract and to avoid the risk of breach of contract on its own part if its position should turn out to be wrong." Id. Several district courts, including one in this Circuit, have also hesitated to allow Rule 67 to be used in similar situations. See Browning, 1990 WL 131937, at *2; Russian Collections, Ltd. v. Melamid, No. 2:09-cv-300, 2009 WL 1625296, at *2 (S.D. Ohio June 5, 2009). But see Centrifugal Acquisition Corp. v. Moon, No. 09-C-327, 2009 U.S. Dist. LEXIS 56170, at *6-7 (E.D. Wis. May 6, 2009)(permitting plaintiffs to deposit payment owed to defendants under a promissory note while litigation proceeded to determine if plaintiffs were excused from their obligations due to defendants' alleged breaches).

The Court will deny Plaintiffs' Motion. Upon review of the parties arguments, the Court is persuaded that Plaintiffs should not be allowed to "deprive [Defendants] of both the benefits of [the License Agreement] and a right of action for its breach." Russian Collections, 2009 WL 1625296, at *2. Further, Plaintiffs raised concerns regarding the continued existence of one of the Defendant entities (and consequently Plaintiffs' ability to recover the $2 million license fee should Plaintiffs ultimately prevail in this action) for the first time during oral argument. The Court is satisfied by the representations of Defendants'

3

counsel that all Defendant entities involved were aware that they could be subject to return the $2 million fee should Plaintiffs prevail on the substantive issues, and moreover, that they were able to return the $2 million fee.

An Order consistent with this Memorandum Opinion will be entered.